IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00639-GBL-JFA |
| | ) | |
| JOHN O. BRENNAN, | ) | |
| Director of Central Intelligence Agency, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 67). This case concerns Plaintiff John Doe's allegation that he was denied employment with the Central Intelligence Agency ("CIA") because of his disability status in violation of the Rehabilitation Act of 1973. There are two issues before the Court. The first issue is whether Plaintiff's discrimination claim arising from the March 5, 2011 rescission of his conditional offer of employment is barred by his failure to timely exhaust his administrative remedies. The second issue is whether Plaintiff's August 1, 2011 phone call with a CIA employee, in which he was told that he could never reapply, constitutes agency action under the Rehabilitation Act of 1973 such that he is allowed to bring a claim for employment discrimination.

First, the Court holds that Plaintiff's discrimination claim arising from the March 5, 2011 rescission of his conditional offer of employment is barred because he did not timely exhaust his administrative remedies. Plaintiff failed to contact an Equal Employment Opportunity ("EEO") counselor within the 45-day time period set forth in 29 C.F.R. § 1614.105(a)(1). Furthermore, Plaintiff is not entitled to a waiver of the exhaustion requirement because he never requested a waiver during the administrative process. At the time Plaintiff submitted his EEO Complaint, he was represented by an

attorney and had been notified of the necessity to request an extension if counseling was untimely initiated by a Memorandum of Rights and Responsibilities. Additionally, Plaintiff is not entitled to an extension of the 45-day requirement on the grounds of equitable estoppel because Plaintiff cannot meet the demanding standard of proving agency misconduct.

Second, the Court holds that Plaintiff's August 1, 2011 phone call with a CIA employee does not amount to actionable discrimination. Despite the low-level processing officer's erroneous statement, the CIA never made any personnel decision to exclude Plaintiff from reapplying. As such, there is no agency action upon which to base a Rehabilitation Act claim.

## I.   BACKGROUND

Plaintiff John Doe alleges that the CIA discriminated against him on account of his Type 1 diabetes in violation of the Rehabilitation Act of 1973. Pub. L. No. 93-112, 87 Stat. 355 (1973) (codified as amended in scattered sections of 29 U.S.C.). Prior to applying to the CIA, John Doe obtained an undergraduate degree in history and four graduate degrees, and he worked in a variety of fields including law.[1] *See* Doc. 62.   Plaintiff has submitted multiple applications for the position of CIA Operations Officer, including a February 2008 application through the CIA's website. *See* Doc. 67-3, ¶ 5. The present litigation relates to a January 2009 application Plaintiff submitted at Columbia Business School for the CIA Operations Officer position. Plaintiff received a Conditional Offer of Employment on May 13, 2010 subject to the successful completion of a background check and medical examination. *See* Doc 70-1.

The Conditional Offer of Employment was officially rescinded via letter on March 5, 2011 ("Rescission Letter"), on the grounds of unsuitability without providing further detail. The Rescission Letter stated that Plaintiff had no right to appeal the decision but could reapply in one year as

---

[1] It is unclear whether Plaintiff has an LLM, JD, and/or is a licensed attorney. The CIA alleges that throughout Plaintiff's EEO counseling, he held himself out as an attorney. In Plaintiff's opposition brief, he does not contest that he is an attorney; he only contests the relevance of his legal training.

"circumstances that cause a person to be determined as unsuitable could be mitigated by the passage of time." *See* Doc. 67-2. The Rescission Letter did not notify Plaintiff of a 45-day deadline to challenge employment decisions as discriminatory through an EEO process.

According to the Declaration of Wendy Shelton, the Former Legal Advisor of the Office of Equal Employment Opportunity of the CIA, the CIA's public website contained a page under the EEO section giving notice to applicants and employees of their rights and responsibilities under the No FEAR Act. *See* Doc. 67-3, ¶ 4. The webpage stated that as a prerequisite to filing a formal complaint, an individual must contact an EEO counselor within 45 days of an alleged discriminatory personnel action. *Id.* This page has been in place continuously since 2008, the time Plaintiff first applied for the position.

In the four-and-a-half months following receipt of the Rescission Letter, Plaintiff did not contact the CIA or the Office of the EEO ("OEEO"), review the CIA's website, contact a lawyer, file a complaint, or take any other steps to preserve his rights to bring a lawsuit alleging discrimination. On July 26, 2011, seven months before he would become eligible to reapply, Plaintiff called the CIA Recruitment Center and spoke with a processing officer, Robin, to get more information regarding the rescission of his employment offer and for permission to reapply sooner than March 5, 2012. *See* Doc 70-1, ¶ 8. According to the Declaration of Christine White, Chief of the Recruitment Center for the CIA, processing officers assist applicants with the logistical and administrative aspects of applying, such as scheduling. *See* Doc. 67-1, ¶ 5. Processing officers have limited responsibilities—they do not have access to the status of applications once submitted for security clearance and medical processing. Processing officers are several layers removed from anyone with hiring authority and they do not participate in hiring decisions. *Id.* ¶ 6. According to Plaintiff, Robin checked with a supervisor and called Plaintiff back on August 1, 2011, stating that he could not reapply at any time. *See* Doc. 62.

On August 4, 2011, Plaintiff again contacted the CIA to receive information about speaking to someone with EEO responsibilities. *See* Doc. 70-1, ¶ 8. At the same time, Plaintiff consulted a lawyer in his hometown and learned about informal EEO counseling and the 45-day deadline to initiate the process. *Id.* ¶ 9. On September 8, 2011, Plaintiff contacted the OEEO for the required pre-complaint counseling. *Id.* During counseling, Plaintiff was given a Memorandum of Rights & Responsibilities ("Memorandum"). The Memorandum advised Plaintiff of a 45-day deadline to initiate counseling, and advised that the time limit would be extended if a complainant shows "that circumstances beyond my control prevented contact with O/EEO within the time limit." The Memorandum provided Plaintiff with a citation to the applicable law, 29 C.F.R. § 1614.105(a). The Memorandum also stated that the agency would dismiss any formal complaint that failed to comply with applicable time limits or if the complaint addresses a proposed action or fails to state a claim. Plaintiff signed the Memorandum on September 11, 2011, acknowledging that he read and understood it.

At that point, Plaintiff initiated OEEO counseling, alleging that he had been "discriminated against based on his disability (Type 1 Diabetes) when he learned on August 1, 2011 that he was ineligible to reapply for the position of Operations Officer." *See* Doc. 70-4. The counseling report indicated "Reason for Delayed Contact beyond 45 Days: N/A" because the allegation Plaintiff raised when he contacted OEEO on September 13, 2011 was only in reference to the August 1, 2011 phone call. The "background" section of the counseling report also mentioned that he applied for and was rejected for employment in January 2006 and March 2007, and that he reapplied later but that his conditional offer of employment was rescinded on March 5, 2011. *Id.* The counseling report, however, only alleges discrimination with respect to the August 1, 2011 phone call, and does not recite a specific allegation of discrimination with respect to the other previous rejections.

After completing counseling, Plaintiff submitted a formal written complaint ("EEO Complaint") with the CIA's OEEO on November 12, 2011. *See* Doc. 70-1, ¶ 10. In his EEO Complaint, Plaintiff did not allege that he lacked notice of the 45-day deadline nor did he request an extension of the 45 day deadline for the March 5, 2011 alleged discrimination. At the time that he submitted the EEO Complaint, Plaintiff was officially represented by an attorney. *See* Doc. 70-5. The CIA maintains, and Plaintiff does not dispute, that Plaintiff never informed the CIA that he was unaware of the 45-day deadline, indicated a need for extension/tolling, or formally requested an extension, despite the fact that he was represented by an attorney when he filed the EEO Complaint. *See* Doc. 67-3, ¶ 12.

On December 12, 2011, Plaintiff's EEO Complaint was dismissed on two grounds. The March 5, 2011 discrimination claim was dismissed on the grounds of untimeliness because Plaintiff did not seek EEO counseling until six months later, far beyond the 45-day time limit. The August 1, 2011 discrimination claim was dismissed on the grounds that it did not state a claim under the Rehabilitation Act because the alleged phone call only discussed hypothetical future acts and therefore did not reflect an adverse employment action. *See* Doc. 70-6. The notice of dismissal provided Plaintiff with two options: appeal the decision to the Equal Employment Opportunity Commission ("EEOC") or file a civil action in federal court. Plaintiff exercised his rights under the second option and filed the present action in federal court on March 12, 2012, one week after he could have reapplied to the CIA for the Operations Officer position. Plaintiff did not submit a new application to the CIA.

## II.   DISCUSSION

### A.  Standards of Review

When considering an appeal of a final decision of an agency, such as the Equal Employment Opportunity Commission, a Plaintiff is entitled to a *de novo* review of that decision in district court. 42 U.S.C. § 2000e-16(c); *Cooley v. Goss*, 430 F. Supp. 2d 544 (E.D. Va. 2005). Because the EEO

dismissed plaintiff's complaint on procedural grounds and did not rule on the merits of his claims, the only issue before this Court is whether the EEO's dismissal was proper.

### 1. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a 12(b)(6) motion, the court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citing *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012). In addition to the complaint, the court also examines "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### 2. Summary Judgment

Where the parties submit material outside the pleadings, such as affidavits, the court may convert a motion to dismiss to a motion for summary judgment. *Harris v. Gonzales*, 488 F.3d 442, 444 (D.C.

Cir. 2007); *Jakubiak v. Perry*, 101 F.3d 23, 24 (4th Cir. 1996); *Winston v. Clough*, 712 F. Supp. 2d 1, 6 (D.D.C. 2010). In the case at hand, Defendant submitted two affidavits to supplement its Motion to Dismiss or in the Alternative Summary Judgment. In response, Plaintiff supported his Opposition with a declaration, various letters to and from the CIA, his counseling report, and the CIA's dismissal decision. As such, the current motion should be considered a motion for summary judgment.

The Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. *Boitnott v. Corning, Inc.*, 669 F.3d 172, 175 (4th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Anderson*, 477 U.S. at 247–48).

A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## B. Analysis

The Court GRANTS Defendant's Motion for Summary Judgment regarding both incidents of alleged discrimination. First, Plaintiff failed to timely exhaust his administrative remedies regarding the March 5, 2011 claim. Second, with respect to the August 1, 2011 phone call, there was no agency action and as such, the Complaint does not state a claim upon which relief can be granted.

Title 29 of the Code of Federal Regulations, Section 1614, Federal Sector Equal Employment Opportunity, covers

> [i]ndividual and class complaints of employment discrimination and retaliation prohibited by Title VII (discrimination on the basis of race, color, religion, sex and national origin), the ADEA (discrimination on the basis of age when the aggrieved individual is at least 40 years of age), the Rehabilitation Act (discrimination on the basis of disability), the Equal Pay Act (sex-based wage discrimination), or GINA (discrimination on the basis of genetic information).

29 C.F.R. § 1614.103(a) (2012). Aggrieved persons who believe they have been discriminated against by a federal agency *must* consult an EEO Counselor within 45 days of the date of the discriminatory personnel action prior to filing a complaint in order to try to informally resolve the matter. 29 C.F.R. § 1614.105(a). The agency is further required to dismiss a complaint without a hearing if the complaint fails to state a claim, fails to comply with applicable time limits, or "alleges that a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory." 29 C.F.R. § 1614.107.

The seeming harshness of dismissal is mitigated by statutorily-imposed mechanisms designed to protect individuals unaware of the 45-day deadline. These mechanisms put the onus on the agency to affirmatively provide notice and require that an

> [a]gency or the [EEO] Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2); 29 C.F.R. § 1614.102; *see also Cooley v. Goss*, 430 F. Supp. 2d 544 (E.D. Va. 2005). The burden, however, is placed on the employee or applicant to show that he did not have notice of the counseling deadline. *Id.* at 548; *Nealon v. Stone*, 958 F.2d 584, 589-90 (4th Cir.1992). Aside from the Section 1614.105(a) statutory extension of time, the time limits that apply to claims of discrimination may also be subject to equitable defenses such as waiver, estoppel, and equitable tolling. 29 C.F.R. § 1614.604 (2012).

### 1. March 5, 2011 Rescission

#### i. Statutory Extension of Time

The Court declines Plaintiff's request for an extension of the 45-day requirement here because Plaintiff did not request tolling in his EEO Complaint or at any point during the administrative process, despite being aware of the deadline and the ability to request an extension and being represented by an attorney.

"A federal employee seeking to file an action based on the Rehabilitation Act must first exhaust his administrative remedies promulgated pursuant to Title VII and set forth in EEOC regulations." *Emmert v. Runyon*, 178 F.3d 1283, at *2 (4th Cir. 1999) (citations omitted); *Webster v. Johnson*, 126 F. App'x 583, 586-87 (4th Cir. 2005). Under 29 C.F.R. § 1614, exhaustion includes the requirement of submitting to EEO counseling within 45 days of the allegedly discriminatory personnel action. The

exception to the 45-day rule applies where an individual can show that he was not notified or otherwise aware of the deadline. If the exception applies, the "agency or the Commission shall extend" the time period. The language of the statute makes clear that an individual must make a request for an extension and provide an explanation for the lack of notice to the *agency or EEOC* in order for the claim to survive outright dismissal without a hearing. There is no indication in the statute that *courts* must allow extensions where the request was not first made to the agency.

An agency cannot be faulted for dismissing a claim as untimely as is required by Section 1614.107 where a plaintiff failed to seek an extension of the deadline during the administrative process. Where a plaintiff does not affirmatively raise the issue that he lacked notice and should be entitled to an extension during the administrative process, he has waived that notice argument in an appeal in federal court. *See Winston v. Clough*, 712 F. Supp. 2d 1 (D.D.C. 2010) (holding that plaintiff waived her notice defense where plaintiff failed to raise the issue of notice or request an extension in her EEO complaint or subsequent EEOC appeal); *Cooley v. Goss*, 430 F. Supp. 2d 544, 550 (E.D. Va. 2005) (finding that EEO dismissal based on untimely EEO counseling was proper because plaintiff had "not presented any evidence either that she attempted to explain in her EEO complaint why she waited more than six months after the allegedly discriminatory action before contacting the EEO counselor or that she requested a waiver of the 45-day deadline.").

There is no dispute that Plaintiff's initiation of EEO counseling based on the March 5, 2011 rescission was untimely. Similar to *Cooley*, Plaintiff waited approximately six months before initiating counseling. Although Plaintiff claims that he did not become aware of the 45-day requirement until about August 4, 2011, after five months had passed from the date of the personnel action, he was aware of the deadline when he submitted to counseling and when he filed his EEO Complaint. Plaintiff was presented with the Memorandum that explicitly explained the requirement. The Memorandum also

explained that aggrieved parties could get the 45-day requirement waived if they request a waiver and demonstrate lack of notice. Furthermore, the Memorandum explained that dismissals of complaints are mandatory if complaints are untimely. Plaintiff has legal training and, in fact, retained counsel prior to the submission of his EEO Complaint. Additionally, Plaintiff could have also amended his EEO Complaint at any time before the agency rendered an opinion. 29 C.F.R. § 1614.106(d). Therefore, Plaintiff's claim is barred because he did not request a waiver of the 45-day requirement in his complaint to the EEO.

Plaintiff contends that the Court should not rely on *Winston* and *Cooley* as support that notice cannot be raised for the first time in federal court because *Winston* involved an allegedly more adversarial process than the present case and the court in *Cooley* went on to address the plaintiff's notice arguments on the merits. The Court finds Plaintiff's arguments unpersuasive. Although the plaintiff in *Winston* did appeal to the EEOC and did not request an extension there either, the *Winston* court emphasized that the original EEO complaint included no request for a waiver, thus indicating that the holding applies to both stages. Plaintiff does not cite any case law to support a conclusion that the filing of a complaint with the OEEO of an agency is not adversarial. Furthermore, Plaintiff could have appealed the EEO dismissal to the EEOC and requested a waiver there, in which case the EEOC would have been bound by the statute to consider the notice argument on the merits. Plaintiff chose not to do this and instead submits his argument to this Court despite the absence of any statutory mandate that a court consider the notice argument. Although the court in *Cooley* went on to discuss plaintiff's notice arguments on the merits, after holding the EEO dismissal to be proper, the court expressly indicated that it was only considering additional information not properly before the court because the plaintiff was pro se. Plaintiff's situation in the present case is in direct conflict with that line of reasoning because not

only did he represent himself to be an attorney to the EEO, but he was also officially represented by counsel when he filed his complaint, and thus should not be afforded special consideration.

Given that Plaintiff was aware of the statutory deadline, extension policy and potential grounds for dismissal at the time he submitted his EEO Complaint, and was represented by an attorney, yet neither requested an extension nor indicated that he did not have notice of the time limit during the administrative process, he should not now be allowed to appeal to this Court for a statutory extension.

Accordingly, this Court finds that the EEO properly dismissed Plaintiff's complaint as untimely and did not err in failing to grant a waiver of the 45-day deadline where none was requested.

### ii. Equitable Estoppel

Additionally, the Court will not apply equitable estoppel, in order to provide Plaintiff with an extension of the 45-day requirement, because Plaintiff is unable to meet the demanding standard of proving agency misconduct.

In addition to the statutory extension option, the timeliness requirement of Section 1614.107 is also subject to waiver, estoppel, and equitable tolling. 29 C.F.R. § 1614.604. Plaintiff makes clear in his Opposition that he is invoking equitable estoppel and not waiver or tolling. "Equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (citations omitted). Estoppel requires *affirmative misconduct* intended to mislead or deceive a plaintiff. *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992). Courts have held that equitable estoppel should be applied sparingly and very cautiously against the government where there is a statutorily created deadline. *Id.*; *see also Pabst Brewing Co.*, 828 F.2d at 1049 ("The certainty and repose these provisions confer will be lost if their application is up for grabs in every case."); *Pollock v. Chertoff*, 361 F. Supp. 2d 126 (W.D.N.Y. 2005); *Boyd v. Snow*, 335 F. Supp. 2d 28, 34 (D.D.C. 2004).

In his assertion of equitable estoppel, Plaintiff relies solely on the Rescission Letter, urging that because it said he had no right to appeal, and also did not provide any information about the EEO process, that the CIA engaged in misconduct.

First, this logic is flawed because the statement that Plaintiff had no right to appeal the rescission was true, as EEO is a completely separate process that has nothing to do with the merits of a rescission for unsuitability. *Cooley*, 430 F. Supp. 2d at 551 ("Plaintiff's discrimination complaint with the EEO was not an appeal of the decision itself but a separate action regarding alleged discrimination."). At no time did the CIA ever advise Plaintiff or even imply that he could not file a Rehabilitation Act complaint. Furthermore, the CIA's statement that Plaintiff had no right to appeal clearly did not discourage him from pursuing various remedies as he stated that he called the CIA once in July and once in August, first to try to get more information about his revocation and see if he could reapply sooner, and second to request EEO information. Plaintiff cannot now claim that stating he had no right to appeal was misconduct that misled him when his own actions do not show reliance on the statement.

Second, although it may have been preferable to include information about the EEO process in the Rescission Letter, the lack of notice is more akin to simple negligence which does not satisfy estoppel's high burden of misconduct. *Int'l Union v. Clark*, No. 02-1484, 2006 WL 2598046 (D.D.C. Sept. 11, 2006). Courts have gone even further to say that even if a government employee provides misinformation about the proper method of filing a complaint, those actions do not rise to the level of affirmative misconduct required for estoppel against the government. *Dawkins v. Witt*, 318 F.3d 606 (4th Cir. 2003).

Just because Plaintiff was not aware of the deadline, and took no efforts in the five months after the rescission to try to investigate his rights despite his own legal training and access to lawyers, does not mean that the CIA engaged in any affirmative misconduct. As Plaintiff has not satisfied the burden

of showing that the CIA engaged in affirmative misconduct, he is not entitled to an extension of time under the theory of equitable estoppel.

### 2. August 1, 2011 Telephone Conversation

The Court GRANTS Defendant's Motion regarding the August 1, 2011 telephone conversation, despite the fact that it was timely filed, because Plaintiff has not stated a claim upon which relief can be granted.

To survive dismissal, a complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck*, 708 F.3d at 554 (quoting *Iqbal*, 556 U.S. at 678). The plausibility requirement imposes not a probability requirement but rather a mandate that a plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (citing *Iqbal*, 556 U.S. at 679 and *Twombly*, 550 U.S. at 557). The complaint must present "'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. *See Giacomelli*, 588 F.3d at 196-97

(citing *Iqbal*, 556 U.S. at 678-79 and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)).

The question facing this Court is whether Plaintiff's non-conclusory factual allegations support reasonable inferences of his entitlement to relief under the Rehabilitation Act. The Fourth Circuit has mandated that in order to satisfy a prima facie case for a discrimination claim, a plaintiff must show an "ultimate employment action" that affects "hiring, granting leave, discharging, promoting, and compensating." *Washington v. U.S. Dep't of Def.*, 3:07CV482, 2008 WL 2725810, at *3 (E.D. Va. July 11, 2008), *aff'd*, 328 F. App'x 285 (4th Cir. 2009) (citing *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981)). In *Munday v. Waste Management. of North America, Inc.*, the Fourth Circuit further clarified that in order for discrimination to be actionable, adverse employment actions must demonstrate evidence of "the terms, conditions, or benefits of [ ] employment" being adversely affected. 126 F.3d 239, 243 (4th Cir. 1997). Plaintiff does not dispute that in order to bring a cognizable Rehabilitation Act claim, a plaintiff must assert an agency employment action or decision. The only dispute between Plaintiff and Defendant is whether the August 1, 2011 phone call amounted to official agency action.

In support of his allegation that the CIA "revoked Doe on the basis of his medical condition," the only factual information that Plaintiff states regarding the August 1, 2011 phone call in his Amended Complaint is that,

> On July 26, 2011, Doe called the CIA, asking for more information on the revocation of his previous offer and for permission to re-apply sooner than March 5, 2012. On August 1, 2011, the CIA responded through an employee named Robin (last name unknown), who told Doe that he would not be permitted to re-apply at any time.

*See* Doc. 62, ¶6. Plaintiff later concludes that "the defendant refused, on August 1, 2011, to allow him to re-apply for employment at any time because of his disability." *Id.* at 4.

It is essential to note that the CIA maintains that despite this low-level employee's statement to Plaintiff on August 1, 2011, no decision was ever made by the CIA to exclude Plaintiff from re-applying

after March 5, 2012. *See* Doc. 67-1, ¶ 4. In fact, the Rescission Letter indicates the exact opposite—that despite knowledge of his diabetes, they would reconsider him again in one year if he submitted a new application. At the time of the phone call, Plaintiff was not eligible to re-apply because of the previous rescission. Plaintiff had not submitted any additional material or a new application, nor had the CIA reconsidered his previous materials. At that time, there simply had been no subsequent decision regarding Plaintiff's future employment; Robin's statement was an erroneous comment made by an employee without hiring authority and unaccompanied by any action.

Despite what Plaintiff was told on the phone, in order to survive dismissal, he must still show that the agency made a decision that was discriminatory. The CIA asserts that such decision was never made, and Plaintiff does not provide any facts showing that Robin's statement was anything more than misinformation. *Ashcroft v. Iqbal* instructs that "labels and conclusions" at the pleading stage are insufficient to state a claim for relief. 556 U.S. at 678. Plaintiff cannot simply label the phone statement made by an unauthorized employee with no hiring authority as a Hiring Division decision where the evidence presented reflects the opposite. Plaintiff did not submit any evidence of changed circumstances, new medical records, nor did Plaintiff submit a new application. There was nothing new for the CIA to reconsider the March 5, 2011 decision.

The CIA maintains that Plaintiff could have reapplied on March 5, 2012 and the agency would have considered his new application as was indicated in the March 5, 2011 Rescission Letter. The erroneous and unauthorized statement made by "Robin" does not become an adverse employment action amounting to an unlawful act where the agency never made the decision asserted in the statement just because Plaintiff says so. Therefore, the Court grants Defendant's Motion with respect to the discrimination claim based on the August 1, 2011 phone conversation.

## III.   CONCLUSION

The Court GRANTS Defendant's Motion for Summary Judgment for both claims of discrimination.

First, with regard to the March 5, 2011 rescission, Plaintiff did not timely exhaust his administrative remedies because he failed to contact an EEO counselor within the 45-day time period required by 29 C.F.R. § 1614.105(a)(1). Plaintiff is not entitled to a statutory extension of that deadline because he never requested an extension during the administrative process despite his own legal training, notification of the necessity to request an extension to survive dismissal by the Memorandum, and his representation by an attorney at the time. Further, Plaintiff has not demonstrated any affirmative misconduct on the part of the CIA that would entitle him to equitable estoppel.

Second, with regard to the August 1, 2011 telephone conversation, taking all facts in a light most favorable to the Plaintiff and allowing all reasonable inferences, the Court finds that Plaintiff has not stated a claim upon which relief can be granted. Despite the low-level processing officer's erroneous statement, the CIA never made any personnel decision to exclude Plaintiff from reapplying and as such, there is no agency action upon which to base a Rehabilitation Act claim.

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Doc. 67) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement the Record (Doc. 74) is DENIED as untimely.

IT IS SO ORDERED.

ENTERED this _4th_ day of November, 2013.

Alexandria, Virginia
11/ 4 /2013

_____/s/_____
Gerald Bruce Lee
United States District Judge

17